## Empire Paper Box Corporation v. Hazleton Baking Company, Appellant.

Argued April 15, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John H. Bigelow,* for appellant.

*Charles W. Stiefel, Jr.,* of *Jenkins, Turner & Jenkins,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, May 27, 1935:

This is an action to recover the purchase price of paper bread trays which defendant had contracted to purchase from plaintiff and which it refused to receive and pay for. Under the provisions of the Act of April 22, 1874, P. L. 109, 12 P. S., section 688, the case was tried before Judge VALENTINE sitting without a jury, who found in plaintiff's favor for $3,174.94. His findings were approved by the court in banc and from the judgment entered this appeal was taken by defendant.

Appellant is a bread baking company. After some preliminary negotiations, it placed an order in writing with plaintiff "for our Sliced Bread tray requirements for the next year." The order stated "Our weekly requirements will be as follows," gave the number and sizes of the weekly requirements, specifying the total number to be delivered, and continued, *"The quantities will vary somewhat according to the demand for our product."* This order was acknowledged by plaintiff under date of August 11, 1930. Nothing was said in the acknowledgment about the italicized sentence. The plaintiff's letter of August

11th provided that there might be an overrun or an under-run of 10% or 20%, depending upon the tonnage required to fill the order.

Appellant argues that in the sentence we have itali-cized it reserved the right to reduce the number of articles it had ordered. To this appellee replies that the final con-tract between the parties was made by plaintiff's ac-knowledging letter of August 11, 1930, and defendant's subsequent action in forwarding the mats necessary in completing the trays and accepting and paying for the shipments. Appellee also argues that if there was any variation allowable to defendant, it was a variation from the stated amounts of weekly shipments, but no variation from the stated total number of trays purchased. We are of opinion that under no circumstances could the varia-tion contemplate such a fundamental alteration as that which defendant attempted—cancellation when the con-tract was but one-half filled.

A reading of the two letters (the order and acknowl-edgment) shows they are not identical. We are of opin-ion that appellee's letter must be treated as a counter pro-posal which was accepted by appellant by its course of conduct after its receipt. Defendant after getting the letter failed to call plaintiff's attention to any discrepan-cies in the specifications, which enumerated the number of trays to be furnished, although directed in the letter so to do, if not correctly stated. In addition to this, as before stated, defendant forwarded the mats from which the printing of the trays was to be done. In the third place, it accepted and paid for the various shipments made on the basis of the total quantities specified.

The ruling principle to be invoked in settling this phase of the dispute between the parties is that stated by Judge WOOLLEY of the United States Circuit Court of Appeals in American Lumber & Mfg. Co. v. Atlantic Mill & Lumber Co., 290 Fed. 632, 634, "It is elementary law that to make a valid contract the minds of the parties must meet on the same terms in the same sense. . . .

But the meeting of minds of contracting parties may occur—and be shown—not by words alone but by conduct. . . . Such conduct may be that of either party, or, indeed, of both parties. . . . Where one makes an offer and assents to an acceptance which is not responsive to the proposal, a contract is made and he is, of course, bound by it. . . . The offeror's assent to new terms imposed by the offeree in his acceptance may be inferred from the fact that the parties thereafter proceeded to conduct business under the conditional acceptance." The contract was, by its terms, not subject to cancellation. Prior to defendant's attempted cancellation, plaintiff had completely manufactured and printed the entire order.

A second defense set up by appellant was that the trays were patented articles which plaintiff had no license from the patentee to manufacture and sell, and, therefore, appellee cannot recover. We think the trial judge properly disposed of this contention. He held that the patent set up was not one for the trays, but for a method of packaging sliced bread of which the tray is a component part. He relied for his conclusion upon the principle stated in Radio Corp. v. Lord, 28 Fed. (2d) 257, 260: "A patentee may not prevent the individual manufacture, use, and sale of a single unpatented element, which the world is free to make, use, and sell, by simply including it as an element in a new patented combination. To put it differently, the inclusion in a patented combination of an unpatented element does not give the patentee of the combination a monopoly of each element, and the exclusive right to make, use, and sell that element, independent of the combination." See also Carbice Corp. v. American Patents Development Corp., 283 U. S. 27.

The case was properly decided by the able trial judge. Judgment affirmed.